IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. PAUL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07mc3376-MHT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 27, 2007, petitioner filed the present action seeking to quash summons issued by Special Agent Mark Mire of the Criminal Investigation Division of the Internal Revenue Service seeking records from Regions Bank and Rheumatology Specialists Arthritis & Osteoporosis Center, Inc. Petitioner signed a certificate of service indicating that he had served the petition to quash by U.S. mail. (Doc. # 1, pp. 6-7). Petitioner contends that the IRS summons are due to be quashed because they are barred by a judgment entered on a previous petition to quash in Civil Action No. 2:07cv3367-MHT. This action is presently before the court on the motion to dismiss filed by the United States on January 17, 2008 (Doc. # 8) and petitioner's response to the motion (Doc. # 10). Upon consideration of the motion to dismiss, the court concludes that it is due to be denied.

The United States argues that this court lacks personal jurisdiction over it because petitioner failed to serve process in this action in the manner set forth in Fed. R. Civ. P. 4(i). That rule provides:

**(1)** Service upon the United States shall be effected

**(A)** by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

**(B)** by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

**(C)** in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

Fed. R. Civ. P. 4(i).

In its motion, the United States cites Rule 4(i) and notes that no summons has been issued by the Clerk for either the United States Attorney or the Attorney General of the United States, that no summons has been served on either of these parties as required by the rule and, thus, that this court has not obtained personal jurisdiction over the United States. The court's docket does not reflect that petitioner has effected service in the manner set forth in Rule 4(i).

However, plaintiff represents that he mailed copies of the petition to the parties because, when he requested that the Clerk's office staff mail the petition to the parties as it had done in his previous action, the staff member instructed plaintiff to mail copies to the parties. Plaintiff is again advised that – *despite any advice he may have received to the*

*contrary* – the requirements for service of the petition and summons on the United States are set forth in Fed. R. Civ. P. 4(i).[1]  Unless and until the United States is served in accordance with the rule, the court does not have personal jurisdiction over the United States.  However, because the 120-day period allowed by Fed. R. Civ. P. 4(m) for effecting service has not yet passed, the motion to dismiss the petition is due to be denied at this time.

Additionally, in his response to the motion to dismiss, plaintiff asks the court to "sanction and/or penalize Special Agent Mark Mire for violating the oath that he swore to uphold within the constitution." (Doc. # 10, p. 3).  Special Agent Mire is not a party to this action, and a petition to quash summons is not a proper means for seeking redress against Special Agent Mire for the alleged constitutional violation.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion of the United States (Doc. # 8) to dismiss plaintiff's petition be DENIED without prejudice, and that plaintiff's motion for sanctions against Special Agent Mire (included within Doc. # 10) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before March 3, 2008. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

---

[1] Plaintiff has previously been advised of the requirement of this rule in Civil Action No. 2:06mc3292-WKW (Doc. # 8) and again in Civil Action No. 2:06mc3329-WKW (Doc. # 5).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 20th day of February, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE