IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. PAUL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07mc3376-MHT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 27, 2007, petitioner filed the present action seeking to quash summons issued by Special Agent Mark Mire of the Criminal Investigation Division of the Internal Revenue Service and served on Regions Bank and Rheumatology Specialists Arthritis & Osteoporosis Center, Inc.  Petitioner contends that the summons are due to be quashed because this matter has been previously resolved by a judgment entered in Case No. 2:07cv3367-MHT.  This action is presently before the court on the United States' second motion to dismiss, filed on March 31, 2008 (Doc. # 17).

On August 25, 2006, a district judge in this court dismissed one of plaintiff's previous actions – <u>William D. Paul v. United States</u>, Civil Action No. 2:06mc3292-WKW – because of plaintiff's failure to effect service on the United States within the 120 days allowed by Fed. R. Civ. P. 4(m).  On February 2, 2007, the district judge dismissed another petition to quash filed by this plaintiff for the same reason.  In those actions, the United States argued that this court lacked personal jurisdiction over it because the petitioner failed to serve process in the manner set forth in Fed. R. Civ. P. 4(i).  The court's orders granting the motion

to dismiss – like the government's motion – specifically advised plaintiff of the requirements of that rule:

> **(1)** Service upon the United States shall be effected
>
> **(A)** by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> **(B)** by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> **(C)** in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

(Order on Motion to Dismiss in Civil Action No. 2:06mc3292-WKW, Doc. # 8)(quoting Fed. R. Civ. P. 4(i)).

In this case, the United States previously filed a motion to dismiss, arguing that the plaintiff again had failed to effect service properly. In a recommendation on that motion, the undersigned Magistrate Judge set forth the requirements for service upon the United States and expressly noted that the court's docket does not reflect that petitioner has effected service in the manner set forth in Rule 4(i). The plaintiff's certificate of service reflects service on the United States by serving Special Agent Mire, the United States Attorney for this District, the United States Attorney General, the IRS Commissioner, Regions Bank and Tuskegee

Bank by "depositing a copy of the same in the U.S. Mail, postage prepaid." (Doc. # 1, pp. 6-7). In response to the first motion to dismiss, the plaintiff argued that he simply mailed copies of the petition because, when he requested that the Clerk's office mail the petition to the parties as it had done in his previous action, the Clerk's office staff member instructed plaintiff to mail copies to the parties. In its recommendation, the court advised plaintiff that "*despite any advice he may have received to the contrary* – the requirements for service of the petition and summons on the United States are set forth in Fed. R. Civ. P. 4(i) and that, until the United States is served in accordance with the rule, the court does not have personal jurisdiction over the United States." (Recommendation of the Magistrate Judge, Doc. # 14)(emphasis in original; footnote omitted). However, because the 120-day period allowed by Fed. R. Civ. P. 4(m) for effecting service had not yet passed, the undersigned Magistrate Judge recommended that the motion to dismiss be denied without prejudice.[1]

The 120-day period for service allowed by Rule 4(m) has now passed, and the United States has renewed its motion to dismiss. On April 1, 2008, the court entered an order directing the plaintiff to show cause why the motion to dismiss should not be granted. Plaintiff has not responded to the motion within the time allowed by the court. As plaintiff should now know, his service of the petition in this case by first class mail does not comport with Rule 4(i) and is insufficient to confer jurisdiction on the United States. "'Failure to properly serve the United States deprives the court of personal jurisdiction. . . . A

---

[1] The district judge adopted the recommendation and denied the motion to dismiss without prejudice on March 7, 2008 (Doc. # 16).

3

jurisdictional defect of this sort is fatal to maintenance of an action.'" Holmstrom v. United States, 2003 WL 21254624, *2 (M.D. Fla. Apr. 4, 2003)(quoting Thompson v. Internal Revenue Service, 23 F. Supp.2d 923, 924 (N.D. Ind. 1998)).

Additionally, petitioner has not shown good cause for extension of the 120-day period of time for service under Rule 4(m). Despite notice of the defect in service in sufficient time to cure it, petitioner has failed to take the appropriate corrective action. See Flory v. United States, 79 F.3d 24 (5th Cir. 1996)(affirming district court's dismissal of action against the United States because of plaintiff's failure to serve the Attorney General).

Because petitioner has not produced evidence that he has properly served the required parties, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 4(m) for petitioner's failure to effect service on the United States within 120 days.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before April 28, 2008 . Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 15th day of April, 2008.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE