IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. PAUL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07mc3376-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON MOTION**

On April 15, 2008, the undersigned Magistrate Judge recommended, on respondent's

motion, that this action be dismissed for petitioner's failure to effect service on the United

States within 120 days as required by Fed. R. Civ. P. 4(m).  On April 25, 2008, petitioner

filed a pleading styled "Objections to Recommendation of the Magistrate Judge and Request

an Extension - Extension of Service," (Doc. # 23).  To the extent that the pleading is an

objection to the recommendation, it will be reviewed by the District Judge.  This matter is

presently before the undersigned Magistrate Judge on petitioner's request for an extension

of time to effect service.

Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the
> court – on motion or on its own after notice to the plaintiff – must dismiss the
> action without prejudice against that defendant or order that service be made
> within a specified time.  But if the plaintiff shows good cause for the failure,
> the court must extent the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Petitioner has twice previously had petitions to quash IRS subpoenas

dismissed without prejudice by this court due to his failure to serve the United States in

Case 2:07-mc-03376-MHT-SRW   Document 25   Filed 05/06/08   Page 2 of 5


accordance with Fed. R. Civ. P. 4(i) within the 120 days allowed by Rule 4(m).  <u>See</u> Misc. Case Nos. 2:06mc3292-WKW and 2:06mc3329-WKW.  In both of those cases, petitioner was advised of the time period allowed by Rule 4(m) for effecting service, the manner in which the United States must be served under Rule 4(i), and that service by first class mail is insufficient to confer personal jurisdiction on the United States.  As noted in the latter case, petitioner was apprised of the requirements for service on the United States as early as April 27, 2006, when the United States filed a motion to dismiss setting forth the text of Rule 4(i).

In this case, the United States first moved to dismiss this action on January 17, 2008 for petitioner's failure, yet again, to effect service properly.  In its motion, as in the previous actions, the United States included the text of Rule 4(i) in its motion to dismiss (Doc. # 8).  Petitioner responded to this motion on January 25, 2008.  (Doc. # 10).  In a recommendation entered on February 20, 2008, the court again advised petitioner of the requirements for service on the United States.  (Doc. # 14).  However, since the 120 days allowed by Rule 4(m) had not yet passed, the court recommended that the motion to dismiss be denied.  (<u>Id</u>.).  By order entered March 7, 2008, the District Judge adopted the recommendation and denied the government's motion to dismiss.  (Doc. # 16).

Plaintiff took no corrective action and, after the 120 days had passed, the United States filed a second motion to dismiss. (Doc. # 17).  In this motion, the government argued that petitioner had not served the United States in the manner required by Rule 4(i); the motion also set forth the text of Rule 4(m) regarding the time allowed for effecting service.  (<u>Id</u>.)  The court allowed petitioner until April 9, 2008 to respond to the second motion to

dismiss; petitioner filed no response until April 18, 2008, three days *after* this court entered

a recommendation that the motion to dismiss be granted. (See Docs. ## 18, 19, 21).[1]

Petitioner now seeks an extension of time to effect service, and has filed certified mail

receipts dated April 8, 2008, arguing that they demonstrate that he served the United States

on that date in the manner required by the Federal Rules of Civil Procedure.  In his motion,

petitioner argues that the requested extension of time should be granted because: (1) he did

not receive the February 20, 2008 recommendation of the Magistrate Judge when it was

entered but, instead, learned of it "on or about March 12, 2008" when the District Judge

adopted the recommendation, and he first received a copy when he went to the Clerk's office

on April 5, 2008 to obtain one; (2) he served the United States in the manner set forth in Fed.

R. Civ. P. 4(i) on April 8, 2008; (3) his court mail has been delayed because he no longer

lives in Wetumpka, but now lives in Georgia; (4) the respondent United States has missed

court-ordered deadlines and filed responses out of time; and (5) the government's motion to

dismiss was filed out of time.

The court's docket reveals that petitioner is incorrect regarding the United States'

missing court-ordered deadlines in this action and filing its motion to dismiss out of time.

Additionally, petitioner's failure to notify the court of his change of address and any resulting

delay in his receipt of court mail do not constitute good cause for extending the period for

---

[1] In the present motion, petitioner argues that he responded to the motion to dismiss "on or about April 8, 2008." (Doc. # 23, ¶ 4).  While the signature block on the response indicates that petitioner signed it on April 8, 2008, it was not filed in this court until April 18, 2008, ten days later. (See Doc. 21).

service specified by Rule 4(m).

Petitioner's failure to receive the February 20, 2008 recommendation – whether or not it was caused by petitioner's failure to notify the court of his address change – likewise does not provide good cause for his failure to effect service properly within 120 days of commencement of this action. Petitioner admits that he knew of the recommendation on or about March 12, 2008, but did not go to the Clerk's office to obtain a copy until April 5, 2008, over three weeks later. Thus, petitioner knew of the recommendation on the first motion to dismiss nineteen days before the United States filed its second motion to dismiss. Additionally, the February 20, 2008 recommendation was not – as discussed above – the first time petitioner was apprised of the requirements for effecting service on the United States.

Petitioner filed the present petition on November 27, 2007. Thus, Rule 4(m) allowed petitioner until March 26, 2008 to effect service, and his recent attempt to comply at long last with the service requirements of Rule 4(i) comes too late. Petitioner has not demonstrated good cause for his failure to effect service in a timely manner. The court is, accordingly, not compelled by law to allow petitioner additional time to effect service. In view of petitioner's history with this particular issue in this and earlier actions, the court declines to exercise its discretion to allow petitioner additional time.

Accordingly, it is

ORDERED that petitioner's motion for extension of time to effect service (included in Doc. # 23) is DENIED. It is further ORDERED that petitioner's untimely service on the respondent on April 8, 2008 is QUASHED. It is further

ORDERED that the Clerk is DIRECTED to record plaintiff's new address, as set forth

in paragraph six of the present motion, in the docket of this action.

DONE, this 6th day of May, 2008.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE